UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIM MAYES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:24-CV-998-JD-AZ |

OPINION AND ORDER

Tim Mayes, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-17-05-277) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking in violation of Indiana Department of Correction Offenses 111 and 113. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

In the petition, Mayes argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence, he received inadequate notice of the charges, and his requests for evidence were denied. The Warden responds that the court should dismiss the petition as untimely. The one-year statute of limitations for filing a habeas petition to challenge State court convictions under 28 U.S.C. § 2241(d)(1) does not apply to prison disciplinary proceedings. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). "[T]he only limitation is the equitable principle of laches codified in Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts." *Id.*

Consistent with *Cox*, the court declines to find that the petition in its entirety is untimely but will discuss the doctrine of laches below as necessary to resolve the claims.

Mayes argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support a finding of guilt against him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy at the time of offense defined Offense 113 as "Engaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." ECF 7-9 at 2. In relevant part, the cited statute defines the offense of trafficking with an inmate as knowingly or intentionally delivering (or carrying into a prison with the intent to deliver) an article to an inmate without prior authorization of the person in charge of the prison. Ind. Code § 35-44.1-3-5(b)(1). Accordingly, Offense 113 prohibited an inmate from receiving a delivery of an article from an individual residing outside of his facility without prior authorization from the Warden.

The administrative record includes a conduct report in which an investigator represented that Mayes and another inmate in his housing unit were sent greeting cards through the mail and that the cards had similar handwriting, liquid spots, and a strong odor. ECF 7-1. According to the conduct report, correctional staff confiscated the cards

in the mail room, and the cards tested positive for synthetic marijuana. *Id.* The administrative record also includes the test results and photographs of the greeting cards and envelopes. ECF 8. The conduct report, test results, and photographs constitute some evidence that Mayes committed attempted trafficking as defined by departmental policy. Mayes alleges that he did not know who mailed the greeting card to him, but the placement of Mayes' name and address, including his cell assignment, on the envelope suggests that the contraband was intended specifically for him – not delivered in error - and that Mayes played some role in arranging its delivery. While this evidence could be more robust, it is enough to satisfy the "some evidence" standard. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Mayes also argues that he did not receive adequate notice of the charges because he did not receive the conduct report within ten days of the offense as required by Indiana statute and departmental policy. Notice of the charges within a particular amount of time after the offense is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy or State law alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008)

(finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

Mayes may also be attempting to invoke his right to receiving notice of the disciplinary charge at least 24 hours prior to the hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The administrative record indicates that Mayes was notified of the charge at 8:04 a.m. on May 23, 2017, and that the hearing occurred one day later on May 24, 2017. ECF 7-2; ECF 7-4. Mayes offers no evidence or allegation to suggest that the hearing occurred prior to 8:04 a.m.[1] As a result, inadequate notice of the charge is not a valid basis for habeas relief.

Mayes also argues that he is entitled to habeas relief because correctional staff denied his requests for evidence. The Warden responds that he is unable to defend against this argument due to the passage of time. "Unlike a statute of limitations, application of the doctrine of laches requires a showing that the petitioner's delay was not only unreasonable but also prejudicial to his opponent." *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). "[A] district court enjoys considerable discretion in determining whether to apply the doctrine of laches to claims pending before it." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). "Essentially the equitable substitute for a statute of limitations, laches serves to protect defendants from prejudice caused by stale evidence, prolonged uncertainty about legal rights and status, and unlimited

---

[1] It might have been preferable for the Warden to have provided the time of the hearing rather than merely highlighting the inadequacy of Mayes' showing, but it does not appear from the hearing report form that the time of the hearings are recorded as a matter of course, and the laches discussion below explains why correctional staff are unable to provide it from memory.

4

exposure to liability damages." *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003) "The decision to apply the doctrine of laches lies on a sliding scale: the longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches." *Id.* at 734.

Mayes filed the habeas petition on December 19, 2024 – about seven and a half years after the conclusion of the administrative appeal process. ECF 1; ECF 7-8. He offers no explanation for his lengthy delay in filing this case. The Warden specifically notes that the passage of time has substantially limited his ability to defend this case because the hearing officer no longer has any recollection of this particular disciplinary proceeding and because the screening officer is no longer actively employed by the State of Indiana. The court agrees that the testimony of these officers would be material in resolving Mayes' denial of evidence claim, and it is unclear what other evidence the Warden could reasonably rely on to explain the reasons for denying Mayes' requests. On this record, the court concludes that the doctrine of laches applies to the denial of evidence claim because the lengthy delay in initiating this case was both unreasonable and highly prejudicial to the Warden's defense of this claim.

Because Mayes has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mayes wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

5

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Tim Mayes leave to proceed in forma pauperis on appeal.

SO ORDERED on June 17, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT